Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                        )
IN RE:                                  )    CASE NO.         02-34542 (LMW)
                                        )
   JUDITH A. LUNDBERG,                  )    CHAPTER          7
                                        )
          DEBTOR.                       )    DOC. I.D. NOS.   54, 57, 59
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

Judith A. Lundberg                              *Pro Se* Chapter 7 Debtor[1]
103-A Lakeview Drive
Southbury, CT 06488

F. Jerome O'Malley, Esq.                        Attorney for Movant Waterbury
Tobin, Carberry, O'Malley,                      Hospital and Apparent Claimant
  Riley & Selinger, P.C.                        TCORS
43 Broad Street, P. O. Box 58
New London, CT 06320

Anthony S. Novak, Esq.                          Chapter 7 Trustee
Chorches and Novak, P.C.
1331 Silas Deane Highway
Suite 202
Wethersfield, CT 06109


**MEMORANDUM OF PARTIAL DECISION AND ORDER RE: MOTION FOR
SUMMARY JUDGMENT AND SCHEDULING OF FURTHER HEARING**

Lorraine Murphy Weil, United States Bankruptcy Judge

---

[1]    Additional service to be made at P.O. Box 1019, Southbury, CT 06488.

Before the court are the following (collectively, the "Contested Matter"): (a) the above-referenced debtor's (the "Debtor") objection (Doc. I.D. No. 54, the "Claim Objection")[2] to Proof of Claim #3 (the "Claim") filed by TCORS ("TCORS") purportedly as assignee of or otherwise on behalf of Waterbury Hospital (the "Hospital")[3]; (b) the Hospital's motion for summary judgment (Doc. I.D. No. 57, the "S/J Motion") with respect to the Claim Objection; and (c) the Debtor's objection (Doc. I.D. No. 59, the "S/J Objection") to the S/J Motion. The court has jurisdiction over the Contested Matter as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334[4] and that certain Order dated September 21, 1984 of this District (Daly, C.J.).[5]

## I.    BACKGROUND

The Debtor commenced this chapter 7 case by a petition filed on September 18, 2002. The Debtor was represented in her bankruptcy case by Joseph J. D'Agostino, Jr., Esq.[6] Simultaneously with her petition, the Debtor filed sworn schedules and a Statement of Financial Affairs. (*See* Doc. I.D. No. 1, collectively, the "Schedules.") Schedule F (Creditors Holding Unsecured Nonpriority Claims) lists the Hospital as a creditor with two noncontingent, liquidated and undisputed claims for "medical bills" in the amounts of $28,523.71 and $25,185.86 respectively. (*See id.*) Schedule B

---

[2] Citations herein to the docket of this chapter 7 case appear in the following form: "Doc. I.D. No. ___."

[3] Except with respect to part III.A, below, the court will treat the Claim as if it had been filed by the Hospital.

[4] References herein to title 11 of the United States Code and/or to the Bankruptcy Code are references to the same as they existed prior to their amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

[5] That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceeding arising under Title 11, U.S.C., or arising in . . . a case under Title 11, U.S.C. . . ."

[6] Attorney D'Agostino was permitted to withdraw as the Debtor's counsel by order dated January 30, 2008 (*see* Doc. I.D. No. 51). The Debtor now proceeds *pro se.*

(Personal Property) does not list any claim or claims against the Hospital. (*See id.* (responding "None" to items 20 and 33).)[7]  Schedule A ( Real Property) lists two "fee simple" interests: a property in Southbury, Connecticut (the Debtor's residence, the "Residence"); and a property in Brick, New Jersey (the "NJ Property"). (*See id.*)  Schedule C (Property Claimed as Exempt) claims a federal "homestead" exemption in respect of the Residence pursuant to 11 U.S.C. § 522(d)(1). (*See* Doc. I.D. No. 1 (Schedule C).)  Anthony S. Novak, Esq. is the duly appointed chapter 7 trustee (the "Trustee") serving in this case.

The Claim was filed timely on November 19, 2003.  It asserts a claim in the amount of $60,901.69 based on a certain judgment (the "Judgment"). (*See id.*)[8]  Annexed to the Claim is a copy of the Judgment. (*See* Claim.)  The Judgment is in the amount of $60,901.69 (including principal, interest and costs), is in favor of the Hospital and was rendered by the Connecticut Superior Court.[9]

The Debtor filed the Claim Objection (*pro se*) on January 7, 2008.  The Trustee has not objected to the Claim.[10]  The Claim Objection asserts various malpractice claims against the Hospital

---

[7]  Schedule B is somewhat anomalous in that it recites a total value for the listed personal property in the aggregate amount of $439,807.00 when the stated items total only $7,964.00.

[8]  The Judgment allegedly was secured by a judgment lien on the Residence. That lien has been avoided pursuant to 11 U.S.C. § 522(f) (*see* Doc. I.D. No. 30) and is not at issue here.

[9]  It is undisputed that the Judgment relates to the same Waterbury Hospital "medical bills" to which the Schedules allude. Because it makes no difference to the result here, the court presumes that the Judgment was a default judgment rendered because of the Debtor's failure to appear.

[10]  The Trustee has advised the court that, if the Claim were disallowed, the remaining allowed claims would total only about $6,000 and he would give the Debtor the opportunity to borrow enough money to pay claims in full. However, if the Claim is allowed, the Trustee would be required to sell the NJ Property to pay claims. (*See* Oral Record of 9/10/2008 Status Conference at 2:54:15 *et seq.* (statements of the Trustee).)  Accordingly, the standing of the Debtor to assert the

in respect of the relevant hospital stay and/or services. (*See* Doc. I.D. No. 57.) The Hospital filed the S/J Motion on March 17, 2008. The S/J Motion relies upon the Judgment and asserts that the Judgment precludes the Claim Objection. The Hospital points to the Debtor's failure to support the S/J Objection by affidavit or other admissible evidence.

## II.     LEGAL STANDARDS

### A.     Objections to Proofs of Claim

An allowed unsecured claim can be obtained in a chapter 7 case only pursuant to a filed proof of claim. Fed. R. Bankr. P. 3002(a) ("An unsecured creditor . . . must file a proof of claim . . . to be allowed . . . ."). Further, a duly filed proof of claim, regular on its face, "constitutes prima facie evidence of the validity and amount of the claim [the "Presumption"] . . . . " Fed. R. Bankr. P. 3001(f). Accordingly, two threshold questions must be answered. First, was a "proof of claim" filed by the creditor with respect to the relevant claim? Second, if a "proof of claim" was filed by the creditor with respect to the relevant claim, does that "proof of claim" raise the Presumption or has a *prima facie* case otherwise been established?

With respect to the Presumption, this court adopts the following discussion of the conditions which must exist for the Presumption to arise with respect to a "proof of claim" and the effect of the Presumption's existence or non-existence or other failure by the claimant to establish a *prima facie* case:

> A proof of claim, if it is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, constitutes *prima facie* evidence of the validity and amount of that claim, Fed. R. Bankr. P. 3001(f), and is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a). A proof of claim, however, does not qualify for that *prima facie* evidentiary effect if it is not executed and filed in

---

Claim Objection appears to be clear and, in any event, is not challenged. *Cf. In re Jorczak,* 314 B.R. 474 (Bankr. D. Conn. 2004).

- 4 -

> accordance with the Bankruptcy Rules. *See First Nat'l Bank of Fayetteville v. Circle J. Dairy (In re Circle J Dairy, Inc.),* 112 B.R. 297, 300 (W.D. Ark. 1989) . . . .
>
> . . .
>
> Hence, the burden of persuasion under the bankruptcy claims procedure always lies with the claimant, who must comply with Fed. R. Bankr. P. 3001 by alleging facts in the proof of claim that are sufficient to support the claim. If the claimant satisfies these requirements, the burden of going forward with the evidence then shifts to the objecting party to produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *See Lundell v. Anchor Const. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1041 (9th Cir. 2000); *Sherman v. Novak (In re Reilly),* 245 B.R. 768, 773 (2d Cir. BAP 2000) . . . . If the objecting party meets these evidentiary requirements, then the burden of going forward with the evidence shifts back to the claimant to sustain its ultimate burden of persuasion to establish the validity and amount of the claim by a preponderance of the evidence. *See In re Consumers Realty & Development Co.*, 238 B.R. 418 (8th Cir. BAP 1999); *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). If, however, the claimant fails to allege facts in the proof of claim that are sufficient to support the claim, *e.g.*, by failing to attach sufficient documentation to comply with Fed. R. Bankr. P. 3001(c), the claim is not automatically disallowed; rather, it is merely deprived of any *prima facie* validity which it could otherwise have obtained. *See In re Los Angeles Int'l Airport Hotel Assoc.*, 196 B.R. 134, 139 (9th Cir. BAP 1996).

*In re Rally Partners, L.P.*, 306 B.R. 165, 168-69 (Bankr. E.D. Tex. 2003). *See also In re Jorczak, supra. Compare Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (If the Presumption arises, "the proof of claim is some evidence as to its validity and amount. It is strong enough to carry over a mere formal objection without more." (emphasis and internal quotation marks omitted)) *with In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993) (If the Presumption does not arise, "the creditor cannot rest on the proof of claim."). However, the Presumption is not the only way a *prima facie* case may be established with respect to a proof of claim. As discussed with more particularity in *In re Jorczak, supra*, under certain circumstances admissions contained in the debtor's filed and sworn schedules may establish at least a *prima facie* case with respect to a proof of claim.

### B. <u>Summary Judgment Standard</u>

"Summary judgment is appropriate only if the pleadings and submissions . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *The Andy Warhol Foundation for Visual Arts, Inc. v. Hayes (In re Hayes),* 183 F.3d 162, 166 (2d Cir. 1999). *See also* Fed. R. Civ. P. 56(c) (made applicable here by Fed. R. Bankr. P. 9014). The movant bears the burden of establishing the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case."). The court must view all ambiguities and draw all reasonable inferences in the light most favorable to the nonmovant. *See Novak v. Blonder (In re Blonder)*, 246 B.R. 147, 150 (Bankr. D. Conn. 2000) (Krechevsky, J.). Ultimately, the role of the court is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Issues of material fact are those "that might affect the outcome of the suit under the governing law. . . ." *Anderson*, 477 U.S. at 248. An issue is genuine when it is "triable," that is, when reasonable minds could disagree on the result. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Unless the moving party has made out a *prima facie* case by competent evidence, the burden of going forward does not shift to the non-moving party to show a "triable" genuine issue by competent evidence, and summary judgment in favor of the moving party may not be granted. *See Vermont Teddy Bear Co. Inc. v. 1-800 Beargram Co.,* 373 F.3d 241

(2d Cir. 2004) (If movant does not make out a *prima facie* case, summary judgment cannot enter even if nonmoving party fails to contest the summary judgment motion properly).[11]

### III.   ANALYSIS

####    A.   Prima Facie Case

As discussed above, the Claim was filed by "TCORS" but the Judgment on its face is in favor of the Hospital.[12] Other than that issue (the "Outstanding Issue"), the Claim is regular on its face and would raise the Presumption. Moreover, as discussed above, the Debtor admitted in the Schedules that the Hospital's claim was valid and that she had no setoff or other claim against the Hospital (collectively, the "Admissions"). Were it not for the Outstanding Issue, the Admissions would make out at least a *prima facie* case for the claimant. *See Jorczak, supra*. Nevertheless, the Outstanding Issue prevents the court from concluding at this time that the claimant has either raised the Presumption or otherwise made out a *prima facie* case and the S/J Motion cannot be granted now. However, as discussed below, the court deems it appropriate to conduct a limited evidentiary hearing (the "Further Hearing") in respect of the S/J Motion at which the claimant will have the opportunity to establish the authority (if any) of TCORS in respect of the Claim and the Judgment.

####    B.   Preclusive Effect of the Judgment/Adequate Opportunity To Litigate

Because the Judgment was issued by a Connecticut court, its preclusive effect is analyzed under Connecticut law. *See Automated Salvage Transport, Co. LLC v. Swirsky (In re Swirsky),* 372 B.R. 551, 562 (Bankr. D. Conn. 2006). Connecticut generally gives claim preclusive (res judicata) effect to default judgments. *See Slattery v. Maykut,* 176 Conn. 147, 157 (1978) ("[A] judgment of

---

[11]     Because the Debtor is *pro se,* the court waives compliance with Local District Rule 56(a).

[12]     The court also notes that the S/J Motion was filed by the Hospital, not TCORS.

a court having jurisdiction of the parties and of the subject matter operates as res judicata in the absence of fraud or collusion even if obtained by default, and is just as conclusive an adjudication between the parties . . . as when rendered after answer and complete trial."). *Cf. Jackson v. R.G. Whipple, Inc.,* 225 Conn. 705 (1993), *abrogated on other grounds by Macomber v. Travelers Prop. & Cas. Corp.,* 261 Conn. 620 (2002) (finding a different analysis for issue preclusion (collateral estoppel)). The Debtor admits in the S/J Objection that she was served with process in the state-court proceeding (the "Prior Proceeding") which resulted in the Judgment. (*See* Doc. I.D. No. 59.) It is undisputed that the Judgment is a final judgment.

The Claim essentially is an effort to enforce the Judgment and the Claim Objection effectively would nullify the Judgment. Accordingly, the court concludes that (subject to the discussion set forth below) the Connecticut courts would deem the Claim Objection to be an impermissible collateral attack on the Judgment. Therefore, the court concludes (subject to the discussion set forth below) that the Claim Objection is barred by the doctrine of *res judicata*.[13] *See City of Bridgeport v. C.R. Klewin Northeast, LLC,* No. X06CV0440003085, 2005 WL 834349 (Conn. Super. Ct. March 3, 2005). *See also Restatement (Second) of Judgments* § 22, comment (f) (1982). *Cf. DeMilo and Co., Inc. v. Commissioner of Motor Vehicles,* 233 Conn. 281 (1995).

All of the foregoing discussion with respect to *res judicata* is predicated on the assumption that the Debtor had a "full and fair opportunity" to litigate in the Prior Proceeding. *See Connecticut Nat'l Bank v. Rytman,* 241 Conn. 24, 43-44 (1997) (With respect to the doctrine of *res* judicata

---

[13] The court expresses no opinion as to whether res judicata would bar a separate malpractice action by the Debtor against the Hospital. *Compare Gwynn v. Wilhelm,* 360 P.2d 312 (Or. 1961) (rejecting strict "New York rule" that malpractice action is barred even if the judgment in the collection action is taken by default and the defendant failed to appear) *with Leslie v. Mollica,* 211 N.W. 267 (Mich. 1926) (applying "New York rule" only if defendant pleads malpractice as a defense and discussing other variations on the rule).

"[t]he appropriate inquiry . . . is whether the party had an *adequate opportunity to litigate the matter in the earlier proceeding* . . . ." (first alteration and emphasis in original)). *Cf. Jackson,* 225 Conn. at 717-18 (adequacy of opportunity to litigate is a question of fact). *See also In re Swirsky, supra.*[14] Construing the S/J Objection in the Debtor's favor, the S/J Objection asserts that the Debtor did not have such an opportunity. Accordingly, that issue is a question of fact to be resolved. Because the burden of going forward on the S/J Motion has not yet passed to the Debtor (as discussed above), the court deems it appropriate to take the "opportunity to litigate" issue up at the Further Hearing.

## IV.   CONCLUSION

For the reasons discussed above, the Motion will not be granted or denied at this time. Rather, as noted above, the court will schedule the Further Hearing with respect to Doc. I.D. Nos. 54, 57 and 59 for the following limited purposes only:

1. for the movant to introduce evidence of TCORS's authority (if any) to file the Claim and to enforce the Judgment (and for the Debtor to make out a contrary case if she deems such appropriate);

2. for the movant to introduce evidence to make out at least a *prima facie* case that the Debtor had a "full and fair opportunity" to litigate the Claim Objection in the Prior Proceeding;[15]

3. for the Debtor to introduce evidence to support her claim that she was not afforded such a "full and fair opportunity;" and

---

[14] The general rule is that knowledge of the attorney (or lack of knowledge) is imputed to the client. Further, the client is bound by the acts or omissions of his attorney. In Connecticut, however, that general rule may yield . . . to the special circumstances of a case . . . [such as when] an attorney acts in bad faith or intentionally neglects the client's business . . .

*Id.,* 372 B.R. at 564 (citations and internal quotation marks omitted; alterations in original).

[15] The court would expect to see a certified copy of the entire state court file in respect of the Judgment and any other evidence on the point which the movant deems relevant.

  4.  for the Debtor to introduce evidence as to why she should not be bound by her Admissions in the Schedules (and for the claimant to make out a contrary case if it deems such appropriate).

  Prior to scheduling the Further Hearing, the court will schedule (by separate order) a status conference with the parties to take up scheduling and other issues.

It is **SO ORDERED.**

Dated: October 27, 2008          BY THE COURT

                    *Lorraine Murphy Weil*
                    Lorraine Murphy Weil
                    United States Bankruptcy Judge